## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:20-cv-0034-JLS (GJS) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Andrew Edmund Armbrister v. C/O Sandoval | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge |
|---|---|

| E. Carson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**     (IN CHAMBERS) Order to Show Cause Re: Possible Dismissal Under Rule 4(m) and Rule 41(b)

On January 7, 2020, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment Failure to Protect claim against Defendant Sandoval, a Correctional Officer at the California Rehabilitation Center ("CRC") in Norco, California.

On January 14, 2020, this Court issued an order directing service of process on defendant by the United States Marshal.  [Dkt. 9.]  The Court cautioned Plaintiff that he must provide sufficient information to allow the United States Marshal to identify and serve Defendant.  The Order also informed Plaintiff that service had to be completed within 90 days pursuant to Federal Rule of Civil Procedure 4(m).  [Dkt. 9].

On June 9, 2020, the U.S. Marshal Service filed a process return showing unsuccessful service of the Complaint on C/O Sandoval.  [Dkt. 15.]  According to CRC Litigation Coordinator, Jennifer Stone, CRC "has multiple employees with the same title and last name as" C/O Sandoval.  [Dkt. 15 at 2.]  As a result, the U.S. Marshal could not identify and serve the defendant.

In light of CRC's inability to identify the Defendant without further information, the Court ordered Plaintiff to provide additional information to enable identification of

Initials of preparer _efc___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:20-cv-0034-JLS (GJS) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Andrew Edmund Armbrister v. C/O Sandoval | | |

and service of process on C/O Sandoval by August 7, 2020. To date, Plaintiff has not provided additional information or otherwise responded to the Court's order.

It is Plaintiff's burden to provide sufficient information to the enable the U.S. Marshal to serve defendant Sandoval. *See Puett v. Blandford,* 912 F.2d 270, 274-275 (9th Cir. 1990) (when advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [he] has knowledge.")  Plaintiff has not done so, despite being notified of the defective service when he was served with a copy of the unexecuted process return in June. He has not requested an extension of time to serve defendant Sandoval or taken any other steps to remedy this service defect, or otherwise prosecute this case.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed due to his failure to effect service of process within the Rule 4(m) deadline.  If Plaintiff wishes this action to proceed, then **by no later than September 14, 2020**, he shall file a response to this Order, in which he must: (1) provide additional information to enable identification of and service of process on C/O Sandoval, including any available identifying information such as first name, employee number, a physical description (gender, ethnicity), date and time the officer was on duty, and location within the facility where the officer was on duty; (2) request an extension of the Rule 4(m) period; (3) explain why he has not timely effected service of process; and (4) set forth good cause for his noncompliance with Rule 4(m) and this Court's Initial Order.  Absent a timely response establishing good cause, this action may be dismissed under Rule 4(m).

**Plaintiff is further cautioned that failure to comply with this order may result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED**.